**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4695

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOMINGO ROMERO MOLINA, a/k/a Mingo,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  James C. Turk, Senior District Judge.  (5:03-cr-30053-JCT-3)

Submitted:  March 12, 2007                 Decided:  May 7, 2007

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jay K. Wilk, JAY K. WILK, P.C., Woodstock, Virginia, for Appellant. William Frederick Gould, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Domingo Romero Molina appeals his 180-month sentence imposed following our remand for resentencing. A jury convicted him of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Though notified of his opportunity to file a pro se supplemental brief, Molina has not done so. The Government has declined to file a responding brief. Finding no error in Molina's resentencing, we affirm.

Molina asserts the district court erred in resentencing him to 180 months in prison. This court reviews a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, __

U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439) (internal quotation marks and citation omitted).

A post-Booker sentence may be unreasonable for procedural and substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." Moreland, 437 F.3d at 434 (citations omitted). "[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." Montes-Pineda, 445 F.3d at 380 (citations omitted). "[I]n determining whether there has been an adequate explanation, [this court does] not evaluate a court's sentencing statements in a vacuum." Id. at 381. Rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [this court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

The district court's calculation of Molina's guidelines range did not change upon remand. His adjusted offense level was 35, and his criminal history category was two, with a resulting

guidelines range of 188 to 235 months. There was a mandatory sixty-month sentence for the firearm offense. At the second sentencing hearing, defense counsel requested a total sentence of 180 months (120 months plus 60 months); the Government requested a total sentence of 248 months (188 months plus 60 months), which it viewed as "the minimum guideline sentence." The Government objected to any departure downward from 248 to 180 months. Ultimately, however, the district court imposed the sentence it suggested it would impose at Molina's first sentencing hearing "if the Guidelines were not applicable," 120 months for the drug offense to be followed by the mandatory 60 months for the firearm offense, for a total of 180 months.

The district court also stated at the second sentencing hearing that it felt "the sentence imposed is reasonable under all of the circumstances" and:

> I've considered all of the factors set forth in the statute concerning what the appropriate sentence should be, what the Court should take into consideration and I feel that the 120 months and the 60 months are appropriate under all of the circumstances and is a reasonable sentence.

(SJA 10). Thus, the district court stated it considered the § 3553(a) factors before the sentence was imposed. We conclude Molina's sentence is reasonable and affirm it.

Molina also asserts he should have received an unspecified downward departure for reasons that are not explained. We find this issue is meritless because Molina did in fact benefit

from a downward departure at his sentencing. Defense counsel did not argue for any further downward departure at the sentencing hearing, so review for such error would be for plain error at best, and we find no such plain error.

Appellate counsel also notes Molina contends that newly discovered evidence warrants a new trial. We affirmed the firearm conviction in Molina's first appeal, in which he asserted the evidence was "too skimpy" to support his jury conviction. To the extent that Molina is again attacking the sufficiency of the evidence to support the firearm conviction, the court has already rejected such a claim and it is beyond the scope of the court's remand. We find this claim is meritless. We would not grant a motion for new trial based upon newly discovered evidence in the first instance. Molina must file such a motion for new trial in the district court under Fed. R. Crim. P. 33.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Molina's conviction and sentence. This court requires that counsel inform Molina, in writing, of the right to petition the Supreme Court of the United States for further review. If Molina requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Molina.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>